Boston Ins. Co. *v.* Wade.

(In Banc. May 10, 1948.)

[35 So. (2d) 523. No. 36754]

E. J. Currie, of Hattiesburg, for appellant.

Ben Stevens and E. C. Fishel, both of Hattiesburg, for appellee.

472

**Sydney Smith, C. J.,** delivered the opinion of the court.

The appellant issued an insurance policy to the appellee on an automobile truck for which the appellee paid $1,673.11. After it had been used by the appellee for about nine months, it was struck and damaged by another truck. The declaration alleged the damages to be $1,673.11 less $50.00, the reason for which will hereafter appear. The appellant, by notice under its plea of general issue, admitted liability, but alleged that the truck was not totally destroyed but could be repaired at a cost not exceeding $501.94 from which the $50.00 provided

therefor in the policy should be deducted, leading $451.94, as the amount for which it was liable to the plaintiff. The judgment recovered by the appellee was for $1,375.00.

The following provisions of the policy are applicable hereto:

"Coverage: . . . B. Collision or Upset.

"Limits of Liability: Actual cash value less $50.00 which deductible amount shall be applicable to each collision or upset.

"Actual Cost When Purchased, including equipment, $1,673.11; Purchased, M. Oct. Y. 1946; New or Used— New. . . . 3. Limit of Liability; Settlement Options; No. Abandonment.

"The limit of the Company's liability for loss shall not exceed the actual cash value of the automobile, or if the loss is of a part thereof, the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, nor the applicable limit of liability stated in the declarations."

There was evidence by the appellee that the truck was badly damaged but his evidence also disclosed that visible injury thereto could have been repaired at a cost of $1,047.40, but that injury might, and probably would, show up thereafter not ascertainable without taking the truck to pieces. The evidence thereafter was in accord with the notice under its general issue.

It will thus be seen that the truck could have been repaired; consequently, the appellee's recovery should have been limited under the express provisions of the policy to what it would have cost to repair it. This being true, the court erred in granting the following instruction for appellee: "The court instructs the jury that you must find for the plaintiff, and that you should fix the amount of his damages at such an amount as from a preponderance of the evidence you believe plaintiff sustained by reason of the collision with his said truck, less the sum

of $50.00 as provided in the insurance policy on which this suit is brought.''

This instruction did not restrict the jury in awarding damages to the appellee to what it would have cost to repair the truck and was not cured by the one instruction granted the appellant, which the reporter will set out in full.[1]

There are other errors, however, in the record. Some time after the insurance policy was issued, the appellee placed a wooden body on the truck at a cost of $200.00. Over the appellant's objection this $200.00 was added to the appellee's estimate of the value of the truck. This should not have been permitted as the insurance policy did not cover this addition to the truck.

The plaintiff also introduced evidence, over the appellant's objection, to the effect that if the truck should be repaired it would not be as good as new. The repairs for which under the policy the appellant is liable are not such as would make the truck as good as new but as good as it was when it was injured.

Over the objection of the appellant, the appellee introduced the following evidence by a mechanic:

"Q. Does or not something you frequently don't discover in one later occur to them? (referring to injuries not discoverable by inspection when the repairs were made). A. Nearly always does.

"Q. What is your estimate of the general damage in value to that truck even though the labor and parts are put on it? A. Well, generally there is a difference. There are two or three hundred dollars between this value.

---

[1]"The Court instructs the jury for the defendant that if you believe from a preponderance of the evidence in this case that the loss of the plaintiff was not a total loss, but that the truck of the plaintiff was partially damaged as a result of the collision in question, then in such event you cannot return a verdict in favor of the plaintiff for a greater sum than the cost of repairing said truck to a condition as good as it was in prior to said collision, less the sum of $50.00.''

"Q: And would that apply here to this car? A. Well, I think so, sir."

This evidence was speculative and should not have been admitted.

Reversed and remanded.