32784. MOORE *v.* AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY.

DECIDED FEBRUARY 18, 1950. REHEARING DENIED MARCH 24, 1950.

226

*Jesse W. Bush, John B. Harris Jr.*, for plaintiff.

*Turpin & Lane, Smith, Partridge, Field, Doremus & Ringel, Ogden Doremus*, for defendant.

GARDNER, J. (After stating the foregoing facts.) The plaintiff in error insists, among other things, that the nonsuit here was unauthorized on the theory, as urged by the defendant in error, that the insurance policy did not cover the concrete mixer which was placed upon the insured chassis after the issuance of the policy. The policy was what is usually termed an automobile policy. An automobile usually consists, not merely of a chassis and engine, but also of some sort of body in which one may ride. In the present case the insurer saw fit to define the "automobile" which it was insuring and provided that "except where specifically stated to the contrary, the word 'automobile' wherever used in this policy shall mean the motor vehicle, trailer or semitrailer described in the policy." The motor vehicle described in the policy was a 1947 International, model IKB-9-F, *chassis* 1311, serial number T. R. 401-3701. It follows, therefore, that the vehicle here insured was not one with any sort of body or concrete mixer superimposed upon it, but was merely a chassis. But it was also provided that the word "automobile," which here meant a chassis, "shall also include its equipment and other equipment permanently attached thereto." Manifestly this language refers to equipment which was an integral part of the chassis and also other equipment permanently attached thereto, whether an integral part or not. The inquiry arises: Does the language last mentioned refer to "other equipment permanently attached thereto" at the time of the is-

suance of the policy or would it embrace such equipment as might thereafter be permanently attached thereto? Of course, such a policy of insurance is merely a contract of indemnity. *Atlantic Steel Co.* v. *Hartford Fire Ins. Co.*, 39 *Ga. App.* 680 (148 S. E. 286). The insurer assumes a risk with respect to the property insured and indemnifies the insured for loss sustained. The value of the "new" chassis here insured was shown in the policy as $5782.30, and the coverage was, among other things, for "Collision or upset." The premium was $110. While policies of insurance are, under repeated decisions of the appellate courts of this State, to be construed most favorably to the insured where ambiguity exists, nevertheless where only one reasonable construction can be had the courts will apply that construction as a matter of law. So construing the clause in question, "its equipment and other equipment permanently attached thereto," it would be taxing credulity too severely to say that the insurance company, for a premium of $110, was not only insuring the chassis and its equipment, then valued at $5782.30, but was leaving the door wide open for the installation of other equipment at some uncertain time in the future, no matter how elaborate and costly, and obligating itself to pay for any loss by reason of collision or upset. To make the application more definite in the present case, such a construction would mean that for a premium of $110, based on a valuation of $5782.30, the company was agreeing to indemnify the insured for loss, by reason of collision or upset, in an amount representing the combined value of the chassis and its equipment at the time of the issuance of the policy *and* the concrete mixer subsequently installed upon the chassis, and of the value of $4000, or a total liability of $9782.30. To attach to the language such a meaning would be to extend it beyond what is fairly within its terms and to impute to the insurer an intention which is not even implied.

In an exhaustive search we have found no case exactly in point. Counsel furnish none. We are cited by counsel for the defendant in error to Boston Ins. Co. *v.* Wade, 203 Miss. 469 (35 So. 2d, 523), where it was held that a collision policy did not cover a wood body placed on a truck after issuance of the policy. However, the limit of liability was "Actual cash value,

less $50," and it was stipulated "Actual cost when purchased, including equipment, $1673.11" and "new." It is obvious, therefore, that the *equipment* which was included in the coverage was that which with the truck was of the stated cost of $1673.11, and, hence, no after-acquired equipment was insured. Candidly, the question is not so simple here. We are dealing, not only with "its equipment," but also with "other equipment permanently attached thereto," and are confronted with the question whether the "other equipment permanently attached thereto" means equipment permanently attached at the time of the issuance of the policy or any equipment which might in the future be permanently attached to the chassis, regardless of its value, and without any increase in the amount of the premium. For these reasons the cited case is not exactly decisive, but, as hereinbefore stated, we hold that "equipment permanently attached thereto" means equipment permanently attached at the time of the issuance of the policy.

But it is urged by counsel for the plaintiff in error that the agent of the insurance company was told that the insured expected to use the chassis in Macon, Georgia, rather than in Brunswick, Georgia, where it was then located, and that he would put a concrete mixer upon it, and that in fact within a week he did so. It is not claimed, however, that the agent was told that the plaintiff wanted the $4000 concrete mixer insured along with the $5782.30 chassis and its equipment, for which only a premium of $110 was charged, and the statement of the plaintiff can not have the effect of requiring a construction different from that which we apply. It is true that he left the policy with Mr. Zell, the agent, but not for the purpose of correcting it to include the concrete mixer. He testified: "Just as a matter of convenience I left it at Mr. Zell's office."

Since, for the reasons above stated, we hold that the court did not err in granting a nonsuit, it is unnecessary to consider other grounds urged by the defendant in error.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*