CALVERT FIRE INS. CO. *v.* ASH, et al.

April 26, 1954

No. 39213          62 Adv. S. 1          72 So. 2d 141

*Owen T. Palmer, Jr.,* Gulfport, for appellant.

*Morse & Morse,* Poplarville, for appellee.

### Holmes, J.

The appellee filed this suit in the Circuit Court of Pearl River County to recover on an insurance policy the value of an automobile, demanding the sum of $2,000. The trial resulted in a verdict and judgment in favor of the appellee for $1,200, and the appellant appeals.

The litigation arose out of the following facts: On December 1, 1951, the appellee purchased from Watts Brothers Implement and Supply Company, Columbia, Mississippi, a second-hand 1948 Frazer, four-door sedan automobile, at the total purchase price of $1,200, trading in a 1948 Kaiser automobile for which he was allowed credit in the sum of $700. The balance of the purchase price, together with carrying and financing charges, was financed through the Commercial Credit Corporation, who became the holder of a conditional sale contract which retained title to the automobile until the full balance of the indebtedness should be paid. On the same date, the appellant issued its policy of insurance, insuring the appellee and the Commercial Credit Corporation against loss or damage to said automobile by collision or fire, providing coverage to the actual cash value of

the automobile at the time of loss, subject to $50 deductible. On May 31, 1952, the said automobile was burned, resulting in its total destruction. Shortly thereafter the appellee filed this suit charging that the loss of the automobile was within the coverage of the aforesaid policy and alleging its value at the time of its destruction to be the sum of $2,000 and demanding a judgment in that amount.

The fact that the automobile was totally destroyed and that its loss was within the coverage of the policy are not controverted issues. In the trial court, the cause was submitted to the jury on the evidence of the respective parties and under one instruction granted to the appellee instructing the jury that the appellee was entitled to recover the actual cash value of the automobile at the time it was destroyed by fire, less $50. No instruction was requested by the appellant. The appellant made a motion for a new trial, assigning as the sole ground thereof that the verdict of the jury was excessive and contrary to the overwhelming weight of the evidence. This motion for a new trial was overruled. The sole question presented on this appeal is whether or not the verdict of the jury is excessive and contrary to the overwhelming weight of the evidence.

The only evidence offered on behalf of the appellee was his testimony as a witness in his own behalf. His testimony was substantially as follows: That at the time of the purchase of the automobile in question his address was Route A, Poplarville, Mississippi, and that he was employed by the Gaylord Container Corporation in Bogalusa, Louisiana; that after acquiring the automobile he used it in driving back and forth from his home in Mississippi to Bogalusa, Louisiana where he was employed, the route over which he traveled being a graveled road; that at the time the automobile was burned he had driven it since his purchase of it a distance of some 12,000 to 15,000 miles; that he had the brakes relined and some

wheel bearings put in it at a total cost of $110; that he had bought new tires for the automobile; that the price of the tires was $26; that the value of the car at the time it was burned was $2,000; that he had made no effort to inform himself as to the price of a like automobile and that he had never been in the automobile business and was not very familiar with automobile prices in general; that on June 11, 1952, he made a written report of the loss to the appellant in which he stated over his signature that the fair market or resale value of the automobile at the time of the loss was $1,000.

The evidence on behalf of the appellant was presented through two adjusters employed by the appellant and two used car dealers. All of these witnesses testified that they were familiar with the prevailing values of used automobiles. One of the adjusters fixed the value of the appellee's automobile at the time of its loss at $710, and the other adjuster fixed such value at $700. One of the used car dealers fixed the value of said automobile at the time of its loss at $600, and the other fixed such value at from $650 to $675. One of the used car dealers testified that the prices of used automobiles declined during the period from December 1, 1951, the date appellee purchased the car, to May 31, 1952, the date the automobile was burned.

The appellant contends that the verdict of the jury awarding to the appellee the sum of $1,200 was excessive and against the overwhelming weight of the evidence, and we think this contention of the appellant is well founded. It is undisputed that the original purchase price of the car on December 1, 1951 was $1,200. The repairs which the appellee claims to have made to the car after he purchased it costing the total sum of $110 appear to have been more or less minor repairs to maintain the car in operating condition. The appellee, however, would add to the original purchase price of the car these repairs totaling $110, and in addition thereto, the

cost of five new tires at $26 each, amounting to $130, making the total cost of the car to the appellee the sum of $1,424. It may be questioned under the authority of the case of Boston Insurance Company v. Wade, 203 Miss. 469, 35 So. 2d 523, whether the cost of the tires may, under the policy of insurance, be added to the appellee's estimate of the value of the car, and we do not decide this question in this case, but assuming that the cost of the stated repairs and of the tires may be added to the original cost of the car, its total cost to appellee would be shown to be the sum of $1,424 at the time the automobile was burned. If such amount be determined to be the value of the car at the time of its loss, the same would be subject to a deduction of $50 as provided in the policy. According to the testimony of the appellee, however, the car appreciated in value between the date it was purchased and the date it was destroyed, which is contrary as a matter of fact to common knowledge, as well as contrary to the undisputed evidence that the prices of used cars declined during the period of the appellee's ownership. The appellee admitted that he had driven the car from 12,000 to 15,000 miles between the time that he bought it and the time it was burned, driving it over graveled roads. It is contrary to reason as well as common knowledge to say that an automobile subjected to such use suffered no depreciation in its value, where there is no showing that used car prices increased during the period of the appellee's ownership.

The appellee himself, in his written report of the loss to the appellant, stated that the fair market or sale value of the car at the time it was burned was $1,000. It is true that he testified on the trial that he inserted this statement in his report of the loss for the purpose of obtaining a settlement. The written report which he signed, however, unqualifiedly fixes the value of the car at the time of loss at $1,000. As against this testimony of the appellee, four witnesses, two of whom were appar-

ently wholly disinterested, fixed the value of the automobile at the time of its loss at a sum not in excess of $710. We think that under the overwhelming weight of the evidence the jury was not warranted in finding the value of the car to be in excess of that represented by the appellee to be the value of the car in his report of the loss to the appellant, namely, the sum of $1,000. We are, therefore, of the opinion that the verdict is excessive and against the overwhelming weight of the evidence.

If the actual cash value of the car be fixed at $1,000 at the time of the occurrence of the loss, such sum is subject to a deduction of $50 under the provisions of the policy, and this amount, we think, is the maximum which the appellee is entitled to recover in this case. It follows from these views that the judgment of the court below should be, and it is, reversed unless the appellee, within ten days from the entry of judgment in this court, shall enter a remittitur in the amount of $250, in which event the judgment of the court below will be affirmed for $950; otherwise reversed and remanded for trial only on the issue as to the value of the automobile.

Affirmed with remittitur; otherwise reversed and remanded for trial only on the issue as to value.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.