LOTTINGER, Judge.
This is a suit by Drexler Motor Company against Octave Bruce on an open account representing repairs to a damaged truck which is owned by the defendant. The defendant called in his collision insurer, the Audubon Insurance Company, under the third party act statute, LSA-R.S. 13:3381. The lower court awarded judgment in favor of petitioner and against the defendant, and also awarded judgment in favor of the defendant and against the third-party defendant. The third-party defendant has taken this appeal.
The record shows that on February 13, 1954, the defendant purchased a new 1953 Ford truck, cab and chassis from the Lock-port Sales and Service Company, Lockport, Louisiana. The purchase price of the new truck was in the sum of $2,800, and defendant received a credit of $1,100 on a trade-in, leaving a balance to be financed in the amount of $1,700. The balance owing was financed through Commercial Securities Company, Inc. of Baton Rouge, Louisiana, and insurance was secured by Commercial Securities Company, Inc. with the Audubon Insurance Company. In the master policy, Commercial Securities Company, Inc. is the named insured, however, the defendant was issued a certificate as evidence of insurance of his interest in the vehicle. The insurance policy was a $100 deductible collision policy for the actual cash value of the vehicle which, according to the certificate of insurance, had a value of $2,800, the purchase price thereof.
*208 Subsequent to the purchase of the cab and chassis, and to the issuance of the insurance policy, the defendant transferred a panel body from his old truck to the new one. Of course, this body was permanently attached to the cab and chassis.
On August 24, 1955, the defendant was involved in a one-vehicle upset accident with the insured vehicle, and which caused considerable damage thereto. The defendant went to Drexler Motor Company in Thibodaux and requested an estimate of the damages. The total estimate was in the sum of $1,078.23, of which figure the sum of $678.23 represented damages to the cab and chassis and the sum of $400 represented damages to the body. The insurance Company refused to pay the damages to the body, they contending that the body was not insured under their policy. Audubon Insurance Company paid $578.23 on the damages to the cab and chassis, however, they refused to pay the damages to the body and Bruce paid the $100 deductible to Drexler. Drexler Motor Company filed suit against the defendant for the sum of $400, and the defendant has called in the Audubon Insurance Company under the third party practice act. ' The lower court held that the body was permanently attached to the cab and chassis and was covered by the insurance policy issued to the defendant. The lower court accordingly rendered judgment in favor of petitioner against the defendant and in favor of defendant against the third-party insurer. The third party has appealed.
All of the above mentioned facts are agreed upon by and between the parties hereto. It is further agreed that this appeal shall in no way affect the judgment of petitioner, Drexler Motor Company, which is not a party to this appeal. The only question before us on appeal is whether or not the trial court erred in finding that the panel body of the 1953 Ford truck was covered by the insurance policy issued to the defendant by the third party. The question is res novo in our jurisdiction.
The insurance policy provides, under the definition of automobile, as follows:
“Wherever used in this policy the word ‘Automobile’ means the motor vehicle, trailer or semi-trailer described herein, its automotive equipment and also other equipment permanently attached thereto.”
The question, therefore, resolves itself to whether the coverage includes equipment which is permanently attached to the vehicle subsequent to the issuance of the insurance policy. The third party maintained that it would not be equitable to hold that the policy included subsequently attached equipment because the rate of premium on a collision policy is dependent upon the value of property being insured. Therefore, had the body been attached prior to the issuance of the policy, the rate of premium would have been greater. Although there are no cases in our jurisdiction on the question, the third-party defendant has cited to us Blash-field on Automobile Law, in which a footnote to Paragraph 3523 cites Moore v. American Insurance Co. of City of Newark, N. J., 81 Ga.App. 219, 58 S.E.2d 197. The said footnote states as follows:
“Under an automobile collision policy insuring a ‘new’ automobile truck chassis valued at $5,782.30 and ‘its equipment and other equipment permanently attached thereto’ for a two-year period for a premium of $110 the latter quoted phrase meant equipment permanently attached at the time of the issuance of the policy and did not cover a concrete mixer of the value of $4,000-installed upon the chassis shortly after issuance of the policy. Moore v. American Insurance Co. of City of Newark, N. J., 81 Ga.App. 219, 58 S.E.2d 197.”
This same case is cited in 43 A.L.R. 336; American Jurisprudence 5A, Automobile Insurance 162; 14A Words and Phrases, page 550. Third party has also cited Boston Insurance Co. v. Wade, 203 Miss. 469, 35 So.2d 523, as holdings for their contention that the *209 coverage would not include subsequently attached property.
Of course, the above cases are foreign to our jurisdiction, and we are in no way bound to follow them. Notwithstanding this fact, we feel that the .only reasonable and equitable interpretation which we could give to this policy of insurance is to hold that it includes only equipment permanently attached to the vehicle at the time of the issuance of the policy. Were not the insurance premium based upon the value of the property, we would possibly hold otherwise.
The defendant maintains that the law of our State is to the effect that insurance contracts should be construed strictly against the insurer and liberally in favor of the insured. He is correct in this statement but we must still construe and interpret the contract in accordance with the intent of the contracting parties at the time of the issuance of the policy. The defendant also maintained that the third party, by its own evidence, has paid for damages to radios, heaters, and other like equipment which had been permanently attached to the vehicle subsequent to the issuance of the insurance policy. On this score, we have only to say that the addition of a radio, heater, or other like equipment does not change the cash value of the vehicle, or the rate of premium thereof, insofar as insurance coverage is concerned. We feel that it was incumbent upon the defendant to notify his insurance company of the addition of the body to the cab and chassis. By his failure to secure additional coverage therefor, we feel that he must be liable. We feel that the 'equity of the situation justifies us in holding that a body permanently attached to the vehicle subsequent to the issuance of the policy is not covered by a policy which covers only the cab and chassis, particularly so when the premium for said policy was calculated on the value of the cab and chassis only.
For the reasons assigned, the judgment of the lower court, insofar only as the defendant and the third-party defendant are concerned, is reversed, and there is judgment herein in favor of third-party defendant and against the defendant, dismissing the third-party action. All cost of this appeal to be paid by the defendant. The judgment on the main demand is affirmed.
Judgment amended and as amended affirmed.