POTOMAC INS. CO. *v.* WILKINSON.

Mar. 3, 1952.

No. 38267 (57 So. (2d) 158)

Norman C. Brewer, Jr., for appellant.

Montgomery & Varnado, for appellee.

**Alexander, J.**

Appellant's action is upon an insurance policy covering damage to an automobile. From a verdict and judgment for the plaintiff, the company appeals.

The automobile in question is a 1948 Chrysler New Yorker which was purchased in November 1948 at a cost of $3,049.57. It was damaged by collision on May 15, 1949.

█ █ The declaration was in two counts, the first of which was upon the insurance contract, under which the insurer "may pay for the loss in money or may repair or replace the automobile or such part thereof  *  *  *  or may take all or any part of the automobile at the agreed or appraised value, but there may be no abandonment to the company." The second count alleged that the defendant "has taken the automobile and has converted same and  *  *  *  seized the said automobile of the plaintiff without the plaintiff's consent  *  *  *  and has repeatedly refused to return or restore the said automobile to plaintiff's possession but continues to hold and keep same out of plaintiff's possession  *  *  *  and by reason of said conversion" plaintiff has been damaged.

Regardless of the right of the insurer to accept the automobile at an appraised value, such appraisement and agreement were not undertaken. The first count is ex contractu and the second ex delicto. It is in point to note that in the first count the plaintiff sued for the sum of $2,300, and in the second for $2,750. A demurrer based upon a misjoinder of causes of action was overruled as was also a later motion to require the plaintiff to elect between these inconsistent counts. The demurrer ought to have been sustained and an election between the counts compelled. However, such error is now without point since the court excluded from the jury any consideration of liability under the second count. We do not hold that this course is in all cases curative of the precedent error, since it is conceivable that testimony may be introduced upon an erroneous but justifiable assumption that a second inconsistent count remains open to be established by evidence which would otherwise be irrelevant to the first count. Such is not the situation here.

The jury was properly directed to find for the plaintiff. It is with respect to the amount of recovery and the rele-

vant factors by which the damages should be computed which is the controlling inquiry. Errors assigned upon this issue relate to the instructions given for the plaintiff.

At the outset it is manifest that the jury was not authorized to find that the car suffered a total loss. The testimony is overwhelming in quantity and quality that the car could be repaired and at least a substantial restoration to complete function effected. It was error to submit the hypothesis of a total loss.

Alternative instructions were granted on behalf of the plaintiff upon the theory of repair. A typical example is the following charge: "The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this case that the loss of the plaintiff was not a total loss, but that the automobile of the plaintiff was only partially damaged as a result of the collision in question, then, in such event, you cannot return a verdict in favor of the plaintiff on count one of the Declaration for a greater sum than the amount less the $50.00 deductible which you believe from the evidence would be required to repair same and restore the automobile to its condition and value on May 15, 1949, with six per cent interest on said sum from May 15, 1949."

The foregoing instruction was evidently drawn in an attempt to comply with the rule stated in Boston Insurance Co. v. Wade, 203 Miss. 469, 35 So. (2d) 523, 524, wherein the giving of the following instruction was held to be reversible error: "The court instructs the jury that you must find for the plaintiff, and that you should fix the amount of his damages at such an amount as from a preponderance of the evidence you believe plaintiff sustained by reason of the collision with his said truck, less the sum of $50.00 as provided in the insurance policy on which this suit is brought." In commenting upon this instrucjury in awarding damages to the appellee to what it would have cost to repair the truck and was not cured by the one instruction granted the appellant, which the reporter will set out in full."

The error in the quoted instruction was held not to have been cured by another granted to the defendant which fixed as the limit of recovery ''the cost of repairing said truck to a condition as good as it was in prior to said collision less the sum of $50'', which amount, as in the instant case, was deductible from the amount of proven loss.

While the erroneous instruction in the Wade case was too vague and of too general a scope, it is true also that the charge given to the plaintiff therein did not accurately and clearly state a workable and proper basis for estimate. In the instant case, the plaintiff procured another instruction which used the following test: ''the amount less the $50 deductible which you believe from the evidence would be required to repair same and restore the automobile to its condition and value on May 15, 1949, with six percent interest on said sum from May 15, 1949''. To summarize the bases for estimate set forth respectively in the foregoing quoted instructions, it is seen that they employed the following bases: ''such amount   *   *   * as plaintiff sustained by reason of the collision''; ''the cost of repairing said truck to a condition as good as it was in prior to said collision''; and, ''such sum   *   *   * as would be required to repair and restore the automobile to its condition and value'' at the time of its collision.

It is seen that all these tests are reaching out toward a basis which would take into account not only the cost of necessary repairs, but also the possibility that even after all repairs had been made there may remain some residual disparity between its value after repair and its value immediately prior to its collision. There need not be, and it should not be assumed, that in no case may skillful repairs restore the vehicle to its complete function and value. Yet, it is equally true that in some cases there may be a restoration of function and appearance but not of value.

The measure of the loss to an automobile damaged, but not destroyed, by a collision is the difference between its reasonable market value immediately prior

to the collision and its reasonable market value after all reasonable and feasible repairs have been made. As to the latter factor, the value may most often be shown by definite proposals or estimates by capable repairmen. Such is merely the problem of proof. Here, there was testimony ranging from estimates of $913.55 to the sum of $2,300, and on to an appraisal which assumed that a car five months old and with a used mileage of about ten thousand miles would be worth as much as it was when new. Along with this testimony were some estimates that after all repairs were made the car would then be worth from $1,350 to $1,650, all of which estimates were below values fixed as of the date of the collision.

The reasonable market value of the car after full repairs is the basis of estimate. Such value may not include a sentimental or subjective sense of depreciation, although it would not in a proper case exclude such depreciation as may be caused in market value by its status as a wrecked car. Analogy is seen in eminent domain cases where an owner attempts to inject his personal reactions into the before and after formula. However, in such cases, as well as here, it is not improper to accept estimates which may have integrated such intangibles into actual money or market value.

We do not adversely criticize the Wade case. It is the interpretation thereof which we seek to clarify. We add emphasis thereto by enlarging upon the proper method for estimating such damages. This case furnishes no occasion to subject the rule to such exceptions as may arise where there is available no reasonable market. We do stress the necessity for actual money loss as distinct from such personal reactions as disappointment, loss of pride of possession and the like. The insurer contracted with regard to financial loss compensable by money. The damage must therefore be computed upon such basis. Payment is not for damaged feelings but a damaged car.

We digest our conclusions as follows: It was error to submit the hypothesis of a total loss. ██ Instructions

predicated upon partial loss should submit as a basis of estimate the cost of all repairs necessary and adequate to restore its former function and efficiency. ▮▮ If such repairs can restore also its market value as of the date of the damage, such cost of repair is the measure of liability. If, despite such repairs, there yet remains a loss in actual market value, estimated as of the collision date, such deficiency is to be added to the cost of the repairs. It is not the value to the owner which controls, but the value to those who constitute the market in used cars. From all estimates there is to be taken the sum of $50 deductible under the terms of the policy.

▮▮ We are constrained to add by way of comment upon the plaintiff's instructions that it was additional error to allow interest upon any recovery from the moment of the collision. Comment as to the date from which interest, if allowable, should run is pretermitted as being merely advisory.

The record contains reference to the cost of towage and of storage. The former item is included within the terms of the policy. As to the latter, liability, if any, is to be adjudged by principles which would involve both the reasonableness of, and the responsibility for, such storage charges.

For the error in the instructions granted to the appellee, the cause must be reversed and remanded.

Reversed and remanded.

**McGehee, C.J.**, and **Lee, Kyle**, and **Holmes, JJ.**, concur.