MOTORS INS. CORP. *v.* SMITH.

Oct. 12, 1953

No. 38838 38 Adv. S. 15 67 So. 2d 294

270

*Hall & Callender,* Columbia, and *H. H. Parker,* Poplarville, for appellant.

*Morse & Morse,* Poplarville, and *Grayson B. Keaton,* Picayune, for appellee.

LOTTERHOS, J.

This is a suit on an automobile policy issued by Motors Insurance Corporation, appellant, to appellee, covering a certain 1951 Chevrolet truck. In his declaration, appellee claims total destruction of the truck by collision or upset, and sues for $1,900, being an alleged loss of $1,950, less $50 deductible under the policy. There was a verdict for plaintiff, now appellee, in the amount of $1,984. Plaintiff entered a remittitur of $84, and judgment was rendered in the amount of $1,900. From this judgment, the insurance company appeals.

It was shown by the testimony that plaintiff purchased the truck on April 12, 1951, the total purchase price including sales tax being $1,948. On the same date, the policy of insurance was issued to him by appellant. Thereafter, said truck was damaged in a collision on June 4, 1951. According to an estimate which the insurance company offered in evidence, the cost of repairing the truck at that time was $274.71, which amount the insurance company proposed to pay under the policy, less the $50 deductible. The plaintiff declined to settle on that basis and no payment was ever made. Then, on July 8, 1951, at about 10 o'clock at night, the truck ran into a creek or small river from a bridge and was completely submerged in the water for about 11 hours. The truck had operated about 9,000 miles between April 12 and July 8, 1951.

After the July 8 episode, the insurance company had an estimate of repairs made by a garage man, who testified that the cost of repairing the truck, taking care of the damage done both on June 4 and July 8, and returning the truck to what he would consider to be as good condition as it was in prior to the damage and prior to being submerged under the water, was in the amount of $522.40. His testimony was supported by that of an employee of the insurance company who testified that he had experience in these matters.

As against this evidence, plaintiff testified that the truck had no value as a truck after the second accident, though there might be a few dollars worth of parts on it which would constitute "junk" or "used stuff," and that in his opinion it was a total loss. His brother also testified to the same effect, stating that, in his opinion, after the accident the vehicle had no value as an automobile but only value as salvage. Both of them estimated the value before the wreck as from $1,900 to $2,000. Plaintiff also introduced an automobile mechanic, who stated that he had examined the truck for about fifteen or twenty minutes on the day of the trial but did not try to start the motor. He never saw the truck until that day. He testified that it was his opinion that the vehicle had no value as a truck but would have salvage value of between $125 and $175. He pointed out numerous matters of damage to the truck which he had observed and stated that submersion under the water for 11 hours would do a large amount of unseen damage.

We find it unnecessary to state in detail the testimony of the three witnesses for plaintiff. It is sufficient to state that, although these witnesses were of the opinion that the vehicle was a total loss, as a truck, except for salvage, and although they pointed out many specific parts that were damaged or broken and testified that the submersion for 11 hours would cause great unseen damage, yet none of them made a complete inspection of the

vehicle and its internal mechanism. They admitted that various parts—such as, headlights, transmission, battery, motor, wheels, brakes, tie rods, steering wheel and tires— were either not inspected or showed no damage.

The plaintiff was allowed to testify over objection that he had purchased an extra tire and wheel for the truck costing $50 and had put a wooden body on it at a cost of $70, exclusive of his own labor.

The principal contention of the insurance company on appeal is that the main instruction given the plaintiff is erroneous and prejudicial. There are several points of attack.

■■ We conclude that this instruction should not have been granted. In the first place, it told the jury that if they believed that the truck was "injured by collision" prior to July 8, 1951, and that on that date "the auto truck was destroyed by collision or upset" the actual cash value was covered by the policy. This was error on this record. The proof did not show a total destruction of the truck, and would not support such a finding. ■■ Instructions must be based upon the evidence and upon a theory supported by the evidence. Rex Nitrogen & Gas Co. v. Hill, 213 Miss. 698, 57 So. 2d 173. ■■ The limit of liability under the policy of insurance was actual cash value less $50 deductible, and the policy contained the identical paragraph on limit of liability which is quoted in Boston Insurance Co. v. Wade, 203 Miss. 469, 35 So. 2d 523, to the general effect that the liability shall not exceed the cost of repair. In that case, we pointed out that, where the proof is not sufficient to support a finding of total loss, but shows that the vehicle can be repaired, a plaintiff's recovery should be limited under the terms of the policy to the cost of repair. That decision is applicable to the case at bar.

The Boston Insurance Co. case must be considered along with the later case of Potomac Insurance Co. v. Wilkinson, 213 Miss. 520, 57 So. 2d 158. Again it was

pointed out that the evidence did not justify a finding of total loss. In this case, the Court recognized that, in addition to the element of cost of necessary repairs of the damaged vehicle, there is also ''the possibility that even after all repairs had been made there may remain some residual disparity between its value after repair and its value immediately prior to its collision.'' We direct attention to the opinion in the Potomac Insurance Co. case for a statement of the rule of damages in cases like the present one, and especially to this language therein:

■■■ ''It was error to submit the hypothesis of a total loss. Instructions predicated upon partial loss should submit as a basis of estimate the cost of all repairs necessary and adequate to restore its former function and efficiency. If such repairs can restore also its market value as of the date of the damage, such cost of repair is the measure of liability. If, despite such repairs, there yet remains a loss in actual market value, estimated as of the collision date, such deficiency is to be added to the cost of the repairs. It is not the value to the owner which controls, but the value to those who constitute the market in used cars. From all estimates there is to be taken the sum of $50 deductible under the terms of the policy.''

■■■ The instruction under consideration was also erroneous for another reason. It told the jury that in fixing the amount of damages, in event of a verdict for the plaintiff, it should deduct ''$50.00 deductible as shown by the Policy of Insurance.'' The contract of insurance provided for coverage of direct and accidental loss or damage caused by collision or upset ''but only for the amount of each such loss in excess of the deductible amount.'' It may readily be seen that in the case at bar there were two separate losses—one on June 4 and the other on July 8. The action is for the recovery of damages resulting from both. Hence, the amount deductible was $100, or $50 for each collision or upset, and the instruction was erroneous in allowing only a single deduction of $50.

Appellant also attacks the principal instruction because it permitted the plaintiff to include in the value of the truck the cost of the tire and wheel and of the wooden body added thereto after its purchase. These items aggregated $120. Appellant relies on Boston Insurance Co. v. Wade, supra, wherein it was stated that it was error to permit proof of such additions to the insured vehicle, as the insurance policy there involved did not cover them. Appellee argues, however, that the policy involved in the case at bar expressly provides that the word "automobile" shall mean the motor vehicle described in the policy, and "shall also include its equipment and other equipment permanently attached thereto." Upon investigation we find that the policy in suit in the Boston Insurance Co. case also contained this provision. However, we will express no view on this proposition here, nor consider other arguments advanced by appellee with respect thereto, as the case must be reversed for a new trial because of the errors heretofore discussed.

One other matter deserves brief comment. The insurance company tendered and paid into the custody of the court, with its defensive pleadings, the sum of $455.99, apparently as an offer in full settlement of the plaintiff's claim. The court granted the plaintiff a peremptory instruction for that amount "and such other damages, if any," as the evidence may show he is entitled to receive. If the tender was in full settlement, it was error to give this amount to the plaintiff, and then permit an additional recovery. This instruction was also in conflict with the holding in the Boston Insurance Co. case, in that it did not properly define and limit the measure of damages applicable in cases of this kind.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.