In the Circuit Court of Smith County, Dukes Ford Company obtained a $5250 default judgment following a hearing upon a writ of inquiry granted to determine the compensable loss caused when Buck Ishee's agent negligently damaged a new 1978 Ford Pinto owned by Dukes. Ishee argues (1) the hearing included no testimony showing the reasonableness and necessity of the cost ($2750) of proposed repairs and (2) the court erroneously awarded the balance of the judgment ($2500) as "lost profit."
Because damages which could reasonably have been mitigated cannot be an element of tort recovery, we have held the cost of repairs may be recovered only if "reasonable and necessary."See, e.g., Hartford Ins. Group v. Massey, 216 So.2d 415, 416 (Miss. 1968). The record here fails to disclose *Page 761 
the pre-tort retail market value of the vehicle, making it impossible to determine the necessity of the proposed repairs toward mitigating damages.
The proper measure of tort damages for a plaintiff holding personalty for sale in the retail market is the total diminution in retail market value proximately caused by the defendant's tort. Cost of repair may be recovered, as well as the remaining diminution in pre-tort value after the proposed repairs, but in no event may cost of repair be recovered to the extent it exceeds the total diminution in pre-tort value in the case of one holding personalty for sale rather than for personal use. See gen.Calvert Fire Ins. Co. v. Newman, 240 Miss. 10, 124 So.2d 686, 688 (1960). We note that in the case of a retail merchant this measure of damages may on occasion incidentally encompass the loss of anticipated profit in the event it is shown that some diminution in pre-tort retail market value remains even after reasonable necessary repairs have been accomplished. We say "incidentally" to reaffirm and distinguish Mississippi Power Co.v. Harrison, 247 Miss. 400, 152 So.2d 892 (1963).
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.