United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60110
Summary Calendar

STEVEN R. CRAIG, Individually and as Next Best Friend and
Natural Parent of Steven Craig, a Minor, and Sharon Craig,
a Minor; PAMELA S. CRAIG, Individually and as Next Best Friend
and Natural Parent of Steven Craig, a Minor, and Sharon Craig,
a Minor; STEVEN CRAIG, A Minor; SHARON CRAIG, A Minor,

PlaintiffS-AppellantS,

versus

STATE FARM FIRE AND CASUALTY COMPANY; OTHER UNKNOWN JOHN DOES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(CA No. 03-CV-400)
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

Plaintiffs Steven and Pamela Craig ("the Craigs") appeal the district courts order granting summary judgment for Defendant State Farm Fire and Casualty Company ("State Farm"). Finding no error, we affirm the district court's order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

On December 16, 2002, the Craigs submitted a claim to State Farm regarding a house fire at their residence in Coldwater, Mississippi. During the investigation of the cause of the fire the Craigs' neighbor, Wanda McGrew, contacted State Farm and informed its agent that the Craigs leased an apartment where they were storing some of their personal property that they had claimed was destroyed in the fire. The Craigs had not revealed this apartment to State Farm. The Craigs do not dispute that they made misrepresentations to the investigator regarding the existence of their apartment. On April 14, 2003, State Farm denied the Craigs' claim on the grounds that they misrepresented and concealed material facts to State Farm during the investigation of the claim.

After the Craig's misrepresentation came to light, the National Insurance Crime Bureau ("NICB") investigated the alleged misrepresentations made by the Craigs. The NICB obtained a search warrant, searched the Craig's apartment, and found a number of items that the Craigs alleged had been destroyed in the fire. The Craigs were arrested and indicted and they pleaded guilty to conspiracy to commit false pretenses.

State Farm denied the Craigs' claim for coverage under the insurance policy on the basis of the following language in the policy:

Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has

intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or afer a loss.

After their claim was denied the Craigs filed the present action against State Farm in Mississippi State Court, alleging breach of the covenant of good faith and fair dealing, tortious breach of an insurance contract, bad faith denial of an insurance claim, negligence, and breach of fiduciary duties, malicious prosecution, negligent and intentional infliction of emotional distress, and fraudulent inducement. State Farm removed the case to federal district court on the basis of diversity of citizenship and moved for summary judgment, which the district court granted. The Craigs timely appealed.

## II.

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. Blakely v. State Farm Mut. Auto Ins. Co., 406 F.3d 747, 750 (5th Cir. 2005). Under Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment when, viewing the evidence in the light most favorable to the non-moving party, the "pleadings depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. at 550-51 (quoting FED. R. CIV. P. 56(c)).

Because this case is before us on the basis of diversity jurisdiction, we apply Mississippi's substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938); Blakely, 406 F.3d. at 751. Under Mississippi law, for an insurance company may avoid a policy based on a concealment clause like the one at issue in this case when it establishes that the insured made statements that were: (1) false; (2) material; and (3) knowing and willfully made. Clark v. Aetna Cas. & Sur. Co., 7789 F.2d 242, 245 (5th Cir. 1985).

After a review of the record and the parties briefs we find no issue as to any material fact that the Craigs knowingly made false and material misstatements to the State Farm. We therefore affirm the district court's grant of summary judgment for State Farm for essentially the reasons as well-stated in its memorandum opinion and order.

AFFIRMED.