# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60141

———————

Kenan Watkins, *individually and on behalf of all others similarly situated*,

*Plaintiff—Appellant*,

*versus*

Allstate Property & Casualty Insurance Company,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-487

———————————————————

Before Graves, Higginson, and Ho, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*.

Following a car accident, Kenan Watkins ("Watkins") filed a diminished value claim with his insurer, Allstate Property and Casualty Insurance Company ("Allstate"). Allstate denied his claim. Watkins subsequently filed an action in the district court seeking relief for himself and a putative class of Allstate insureds alleging that his automobile insurance policy with Allstate violated Mississippi law. The district court held that Allstate's policy did not violate Mississippi law and that Watkins failed to state a plausible claim. Consequently, the district court granted Allstate's motion to dismiss under Rule 12(b)(6). We AFFIRM.

No. 23-60141

## BACKGROUND

On December 7, 2021, Kimberly Jones ("Jones") crashed her vehicle into Watkins' 2021 Chevrolet Tahoe in Baldwyn, Mississippi. Watkins' vehicle sustained substantial damages. Prior to the accident, Watkins had an insurance policy with Allstate that provided coverage for his 2021 Chevrolet Tahoe. Jones' insurer, Safeway Insurance Company, paid $24,314.25 to Watkins for his damage claim. Watkins alleged that his car sustained an additional $13,545.00 in diminished value. Safeway Insurance Company offered the remaining $685.75 of Jones' policy limit to Watkins. Because Jones' policy limit did not cover the diminished value of Watkins' vehicle, Watkins filed an uninsured motorist claim with his insurer, Allstate.

Allstate denied Watkins' diminished value claim, relying upon a provision in its policy that excludes "any decrease in the property's value, however measured, resulting from the loss and/or repair or replacement." Watkins then filed this action in the Southern District of Mississippi District Court seeking relief for himself and a putative class of Allstate insureds. Watkins did not dispute that his policy with Allstate excludes claims for diminished value. Instead, Watkins argued that Allstate's exclusion provision violates the Mississippi Uninsured Motorist Statute ("UM Statute").

Specifically, Watkins alleged that Allstate's automobile insurance policies "impermissibly deny insurance coverage that is required by law." Watkins asserted state law claims and sought compensatory damages, extra-contractual damages, punitive damages, declaratory judgment, injunctive relief, attorneys' fees, and other relief the court deems just and proper. Allstate moved for dismissal under Rule 12(b)(6), arguing that Watkins' claims fail as a matter of law for two reasons. First, Allstate argued that Watkins did not plausibly allege that Jones' vehicle was an "uninsured motor

vehicle" under Miss. Code Ann § 83-11-103(c). Second, Allstate argued that even if Jones' vehicle was an "uninsured motor vehicle," Allstate's provision excluding diminished value is valid under Mississippi law.

The district court addressed each issue in turn. First, the district court held that Watkins failed to plausibly allege that Jones' vehicle qualified as a "uninsured motor vehicle." The district court held that under Mississippi law, "uninsured motor vehicle[s]" include vehicles that are "underinsured." Miss. Code Ann. § 83-11-103(c)(iii) defines an "underinsured" vehicle as a "[a]n insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage." To determine whether a vehicle qualifies as uninsured, the district court explained that it "must compare the limits of bodily injury liability of that vehicle with the limits applicable to the injured person under his uninsured motorist coverage." Because Watkins failed to provide the limits of bodily injury liability under Jones' policy and the limits of his uninsured motorist coverage, the district court concluded that Watkins failed to plausibly allege that Jones' vehicle was an "uninsured motor vehicle."

Second, the district court concluded that Allstate's diminished value exclusion is valid under Mississippi law. The district court held that Mississippi's Motor Vehicle Safety Responsibility Law ("MMVSRA") "requires insurance companies to provide limits of liability no less than $25,000 for bodily injury or death to one person, $50,000 for bodily injury or death to two or more people, and $25,000 for injury or destruction of property." Relying on the text in Mississippi's UM statute, the district court observed that the statute requires that car insurance policies "pay the insured all sums which he shall be legally entitled to recover as damages for property damage," Miss. Code Ann. § 83-11-101(2), and specifically incorporates the

limits of the MMVSRA. Once the minimum limits of liability are met, insurance companies are statutorily authorized to exclude or limit coverage "as long as the exclusions and limitations language has been filed with and approved by the Commissioner of Insurance." Miss. Code Ann § 63-15-43(2)(a). The district court reasoned that while insurance companies are required to provide coverage "for injury to or destruction of property," this requirement does not include coverage for diminished value. Thus, the district court concluded that Allstate's diminished value exclusion was valid under Mississippi law.

Because Watkins failed to state a claim upon which relief can be granted, the district court granted Allstate's motion to dismiss with prejudice. This appeal followed.

## STANDARD OF REVIEW

This Court reviews "de novo a district court's dismissal under Rule 12(b)(6), accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Warren v. Chesapeake Exploration, L.L.C.*, 759 F.3d 413, 415 (5th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Doe ex rel. Magee v. Covington Cty. Sch. Dist. Ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While this Court "accept[s] all well-pleaded facts as true," this Court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *King v. Baylor University*, 46 F.4th 344, 356 (5th Cir. 2022)(citations omitted).

This Court also reviews issues of statutory interpretation de novo. *United States v. Lauderdale Cty., Mississippi*, 914 F.3d 960, 964 (5th Cir. 2019)(citation omitted). Under Mississippi law, the interpretation of an

insurance policy, like any contract, is a legal question reviewed de novo. *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 428 (5th Cir. 2007). Mississippi law "provide[s] for the freedom of the insurer and the insured to contract so long as the mandatory statutory requirements are not circumvented." *Dixie Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 614 So.2d 918, 922 (Miss. 1992); *see also Nationwide Mut. Ins. Co. v. Garriga*, 636 So.2d 658, 663 (Miss. 1994).

## DISCUSSION

First, the district court correctly granted Allstate's motion to dismiss because Watkins' failed to make a plausible claim for relief under 12(b)(6). Watkins' First Amended Complaint, the operative Complaint, did not include a factual allegation that satisfied the definition of an "uninsured motor vehicle" under Miss. Code Ann. § 83-11-103(c). Thus, as the district court concluded, Watkins did not plausibly allege that Jones' vehicle qualified as an "underinsured motor vehicle" under Miss. Code Ann. § 83-11-103(c)(iii).

Watkins claims that he "sufficiently pleaded that [Jones] had bodily injury liability insurance, but that those limits were less than the limits provided under his uninsured motorist coverage." Miss. Code Ann. § 83-11-101(2) requires that all automobile insurance policies include "an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for property damage . . . from the owner or operator of an uninsured motor vehicle." As relevant, Miss. Code Ann. § 83-11-103(iii) defines uninsured motor vehicle as "[a]n insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage." In his Complaint, Watkins alleges that "[p]ursuant to Miss. Code. Ann. § 83-

No. 23-60141

11-101(2), Kimberly Jones was underinsured, and [that he] is entitled to recover from the uninsured motorist coverage provided by the Policy." Watkins' mere assertions, however, are insufficient to establish that Jones' vehicle qualified as an "uninsured motor vehicle." The Complaint does not provide whether Jones had bodily injury liability. The district court, thus, was unable to determine whether Jones' bodily injury liability was less than the limits applicable to Watkins under Allstate's uninsured motorist coverage. Without more factual content, the district court was unable to draw a reasonable inference from the Complaint that Allstate is liable for the alleged misconduct. *See Doe ex rel. Magee*, 675 F.3d 849, 854 (5th Cir. 2012). The Complaint only alleges that Jones was underinsured, which is a legal conclusion. This Court, however, does not accept legal conclusions as true. *See King,* 46 F.4th 344, 356 (5th Cir. 2022). Thus, the district court correctly concluded that Watkins failed to make a plausible claim for relief under Rule 12(b)(6) because a reasonable inference that Allstate was liable for misconduct could not be drawn from the factual content in the Complaint and legal conclusions alone are not accepted as true.[1]

Second, the district court correctly concluded that Allstate's diminished value exclusion is valid under Mississippi law. The exclusion does not implicate, and therefore does not run afoul of, Mississippi's $25,000 minimum requirement. Furthermore, there is no legislative or judicial pronouncement that insurers must provide for payment of diminished value

---

[1] Although Watkins' motion to dismiss filings suggest he might be able to cure this deficiency in a motion to amend his Complaint, the district court noted that such amendment would be futile in light of the merits of Watkins' second argument. Because we agree, as explained below, that Allstate's exclusion was valid, the district court did not err in refusing to afford Watkins an opportunity to amend.

in all issued automobile policies. Thus, Allstate's diminished value exclusion does not violate public policy.

Watkins argues that well-established Mississippi law recognizes the "diminished value of a vehicle from the at-fault driver" as an "element of damage that a plaintiff is legally entitled to recover as damages." Watkins cites two cases—*Potomac Ins. Co. v. Wilkinson*, 57 So. 2d 158, 160 (Miss. 1952) and *Calvert Fire Ins. Co. v. Newman*, 124 So. 2d 686, 688 (Miss. 1952)—to support his position. However, this Court has distinguished automobile insurance policies akin to the policy in *Wilkinson* from automobile insurance policies that provide express limiting language regarding repair. For example, the automobile policy in *Blakely v. State Farm Mut. Auto. Ins. Co.* "explicitly outlined the three bases" for what could be recoverable under the "cost of repair or replacement." 406 F.3d 747, 753 (5th Cir. 2005). As diminished value was not enumerated therein, the *Blakely* court adhered to a "plain reading of the distinct, unambiguous policy language" that "expressly defined the limited alternatives" for recovery and concluded that diminished value could not be recovered. *Id.* In doing so, the court did not find that the exclusion of recovery for diminished value violated public policy. *Blakely* controls here.

First, Watkins does not dispute that his Allstate policy excluded recovery for diminished value. Watkins' uninsured motor vehicle policy expressly states, "[Allstate] will not pay any damages an insured person is legally entitled to recover because of … *any decrease in the property's value*, however measured, resulting from the loss and/or repair or replacement." Watkins seemingly concedes that his policy does exclude recovery for diminished value. Thus, Watkins sole argument is that the diminished value exclusion in Allstate's policy is invalid because it violates public policy.

No. 23-60141

But Watkins' claim that the diminished value exclusion violates public policy fails because Watkins has not pointed to a "pronouncement, either legislative or judicial, requiring that diminished value be a part of all automobile insurance policies." *Id.* at 754. Allstate's policy is similar to State Farm's policy in *Blakely*, which this Court held was not void as against public policy. Watkins disagrees and argues that *Blakely* is limited to "comprehensive and collision coverages" and not applicable in the context of UM coverage. However, as the district court correctly reasoned, *Blakely* does not expressly state that its holding is only applicable to comprehensive and collision coverages.[2] Nor has Watkins provided any authority to support his narrow reading of *Blakely*. Furthermore, only "an affirmative expression of an overriding public policy by the legislature or judiciary" prompts this Court to rule that an insurance policy's plain meaning does not control. *Id.* (quoting *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 n. 11 (5th Cir. 1998)). Neither the legislature nor the judiciary have pronounced that insurers must provide for payment of diminished value in all issued automobile policies. Therefore, in this instance, the plain meaning of

_____

[2] The merits of Watkins' arguments in this regard are dubious. The purpose of UM coverage was to provide coverage for affected individuals who were harmed by uninsured motorists, and give them equal, rather than greater, coverage as compared with a similarly situated individual who was affected by an insured motorist. *See State Farm Mut. Auto. Ins. Co. v. Daughdrill*, 474 So. 2d 1048, 1051 (Miss. 1985) ("Its purpose is to give the *same* protection to the person injured by an uninsured motorist as he would have had if had been injured in an accident caused by an automobile covered by a standard liability policy.") (quoting *Rampy v. State Farm Mut. Auto. Ins. Co.*, 278 So.2d 428 (Miss.1973)) (emphasis added). Here, Watkins concedes that he received $25,000 for property damage, but claims that he is entitled to *additional* recovery for the diminished value of the vehicle, over and beyond the $25,000 MMVSRA minimum embraced by the UM statute.

No. 23-60141

Allstate's policy controls and Allstate's diminished value exclusion is valid under Mississippi law.[3]

## CONCLUSION

For these reasons, we AFFIRM the district court's grant of Allstate's motion to dismiss.

_____

[3] Mississippi law also provides that, subject to the MMVSRA minimum requirements, liability insurance "may contain exclusions and limitations on coverage as long as the exclusions and limitations language has been filed with and approved by the Commissioner of Insurance," Miss. Code Ann. § 63-15-43(2)(a), and Allstate's exclusion was so filed and approved.