PATRIOT SIGNS, INC., Plaintiff,

v.

SAIA MOTOR FREIGHT LINES, LLC, Defendant.

Civil Action No. 7:08–CV–210–O.

United States District Court, N.D. Texas, Wichita Falls Division.

May 22, 2009.

J. Bruce Harris, Law Office of James Bruce Harris, Wichita Falls, TX, for Plaintiff.

Vic H. Henry, Henry Oddo Austin & Fletcher, Dallas, TX, for Defendant.

### *ORDER*

REED O'CONNOR, District Judge.

Before the Court is Defendant SAIA Motor Freight Lines, LLC's ("Defendant") Motion to Dismiss and Memorandum in Support (Doc. No. 3), filed January 9, 2009, arguing that Plaintiff's claim against it for attorney's fees should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Patriot Signs, Inc., ("Plaintiff") did not file a response. Hav-

ing considered the Motion, the Court finds that it should be and hereby is GRANTED.

### I.  Background

Plaintiff initiated this action by filing its Original Petition against Defendant on November 25, 2008, in County Court at Law Number Two of Wichita County, Texas. *See* Original Petition (Doc. No. 1, Ex. 1); *see also,* Doc. 1, Ex. 2. In the Petition, Plaintiff, a Texas corporation, alleges that Defendant, a common carrier doing business in the state of Texas, delivered damaged commercial goods to Plaintiff. *See* Original Petition, pg. 2 (Doc. No. 1). More specifically, Plaintiff alleges that on September 19, 2008, Trans–Lux West Corp., located in Des Moines, Iowa, delivered to Defendant a digital message sign for transportation and delivery to Plaintiff in Electra, Texas, which arrived in damaged condition to Plaintiff's custody on September 23, 2008. *Id.; see also,* Bill of Lading (Doc. No. 1–2, Ex. A). Plaintiff's Original Petition asserts that the "damage rendered the sign unmarketable and voided the manufacturer's warranty" and estimated the sign diminished in value by a sum of $50, 691.50. *Id.* Consequently, Plaintiff initiated this action seeking recovery of the lost value of the sign plus an additional $5,500 in attorney's fees. *Id.*

Defendant timely removed this action to this Court on December 30, 2008, based on 28 U.S.C. §§ 1331, 1337, 1441, and 49 U.S.C. § 14706 et. seq. Doc. No. 1.

Defendant contends that the claim for attorney's fees should be dismissed pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted. Def. Mtn. at 4. Specifically, Defendant argues that "[a]ll of Plaintiff's claims arise directly from ... interstate transit" and, as such are governed by the Interstate

Commerce Act, 49 U.S.C. § 14706, et. seq.[1] *Id.* at 2.

## II. Legal Standard

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929(2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The factual allegations of a complaint must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.*

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir.2007). In ruling on such a motion, the court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir.2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to plaintiff's claims. *Id.* The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir.2004).

## III. Analysis

The present motion before the Court contends that Plaintiff's claims for alleged damages are to be determined under federal law and argues that the claim for attorney's fees is preempted by the Carmack Amendment. Def. Mtn. at 2–4.

■ The Carmack Amendment does not expressly provide for removal of state law claims. *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 773 (5th Cir.2003). However, "a state claim may be removed to federal court in only two circumstances—when Congress expressly so provides ..., or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Hoskins,* 343 F.3d at 773, quoting *Beneficial National Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Thus, the Court's determination of whether Defendant properly removed this case hinges upon whether the Carmack Amendment pre-empts Plaintiff's state law claim for a damaged sign arising from its interstate transportation by a common carrier. *Id.*

■ "Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Id.* at 778. The Carmack Amendment provides that a shipper may recover the "actual loss or injury to the property" caused by a carrier. 49 U.S.C. § 14706(a)(1). A "carrier," or in the present case, a "motor carrier," is someone who provides commercial motor vehicle transportation for compensation. 49

1. These provisions of the Interstate Commerce Act are collectively referred to as the Carmack Amendment.

U.S.C. § 13102(3). Based on the facts of this case as alleged by Plaintiff, the Court determines that this matter involves a question of whether goods shipped through interstate transportation provided by a common carrier were damaged. Specifically, Plaintiff's purported injury arises as a result of the delivery to, and damage of goods shipped from Des Moines, Iowa, to Electra, Texas, by Defendant, who Plaintiff states is a common carrier. Indeed, the Petition provides no basis for a conclusion that the damage is the result of any action separate and apart from Defendant's actions in transporting the sign through interstate activity. As such, the Court finds that the provisions of 49 U.S.C. § 14706 apply to this case. Accordingly, removal of this action was appropriate.

 "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Hoskins,* 343 F.3d at 773, quoting *Beneficial,* 123 S.Ct. at 2063. As previously stated, the instant action is governed by the Carmack Amendment. The Fifth Circuit has held that "attorney's fees authorized by state law are not available in Carmack Amendment actions." *Accura Systems, Inc. v. Watkins Motor Lines, Inc.,* 98 F.3d 874, 876 (5th Cir.1996). Thus, because the Carmack Amendment— which does not provide for attorney's fees—governs this case, insofar as Plaintiff's Petition in this action provides for a claim of attorney's fees, the Court finds that it has failed to raise a right to relief sufficient to state a claim. *Twombly,* 127 S.Ct. at 1965.

## IV.  Conclusion

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 3) is GRANTED.  Plaintiff's claim for attorney's fees as set forth in its Original Petition is DISMISSED.