# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2025

Lyle W. Cayce
Clerk

———————

No. 24-10758

———————

Johnny D. Rupe; Sherry J. Rupe,

*Plaintiffs—Appellants*,

*versus*

The City of Jacksboro, Texas; Michael R. Smith, *in his personal capacity*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-998

———————————————————————

Before Jones, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Johnny D. Rupe and Sherry J. Rupe appeal the dismissal of their claims based on the City of Jacksboro's ordinances regarding power lines, which they claim delayed restoration of electricity to their home and are unconstitutionally vague. The Rupes also argue that the City Manager acted with deliberate indifference to their health and safety. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10758

I

A

On September 22, 2023, a tree branch on the Rupes' property broke and fell on the power line supplying electricity to their home. Mr. Rupe cut the power line, "repaired the damage[,] and requested Oncor to return service to their residence." Oncor told Mr. Rupe that its contract with the City required a licensed electrician to obtain a building permit and inspect the repairs before service could be restored.

On September 23, Mr. Rupe called the police, who "went out of their way to . . . try to put [him] in contact with someone that could help but to no avail." Mrs. Rupe also called Jacksboro City Manager Michael Smith, who confirmed that the City's permitting and inspection requirements for power lines must be met before service could be restored. He explained that, under City ordinances, a building inspector also needed to evaluate the repairs.

On September 24, Mr. Rupe arranged for a licensed electrician to inspect his repairs, and the electrician approved them and prepared a building permit application for filing. On September 25, a City building inspector inspected Mr. Rupe's repairs, and electricity was restored to the Rupes' home later that afternoon.

B

Proceeding *pro se*, the Rupes sued the City and Smith in his individual capacity, alleging that both failed to "treat . . . an elderly couple . . . without power as an emergency." They alleged violations of the Eighth Amendment's prohibition against cruel and unusual punishment, the Ninth and Tenth Amendments' reserved rights doctrines, the Fifth and Fourteenth Amendments' due process protections, the right to contract, and deliberate indifference. They also brought state law claims for elder abuse, fraud,

2

No. 24-10758

blackmail, and extortion, as well as for violations of the Texas Regulatory Consistency Act. Finally, the Rupes challenged the City's ordinances regarding the permitting and inspection requirements as unconstitutionally vague.

The City and Smith moved to dismiss the Rupes' complaint under Federal Rule of Civil Procedure 12(b)(6). Over the Rupes' objections, the district court adopted the magistrate judge's recommendation that all claims be dismissed. It found that the Rupes failed to plead facts establishing a violation of any constitutional right, the municipal ordinances were not unconstitutionally vague, and no private right of action existed under the statutory provisions they invoked. It also concluded that Smith was entitled to qualified immunity. The district court entered a final judgment dismissing the Rupes' claims, and the Rupes now appeal.

## II

We review a district court's dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a dismissal of claims brought by *pro se* litigants, we construe their pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, *pro se* status does not excuse a failure to state a legally cognizable claim. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## III

On appeal, the Rupes bring six challenges to the district court's judgment, primarily addressing the City's inspection and permitting

requirements, the validity of the City's contract with Oncor, and Smith's alleged failure to provide emergency assistance.[1]

## A

The Rupes first argue that § 4.03.004 of the City's electrical regulations is both written too narrowly and unconstitutionally vague. Section 4.03.004 states that the City's electrical regulations "apply to any and all electrical wiring hereafter installed in the city, including any and all additions and alterations to new or old wiring installed therein." Jacksboro, Tex., Code § 4.03.004.

The Rupes argue that § 4.03.004 is "so narrowly written as to not apply to repairs as well as . . . fail[ing] to specifically apply to homeowners working on their own home as required by state statute." But this section states that it applies to "any and all *additions and alterations* to new or old wiring," which necessarily includes repairs. Jacksboro, Tex., Code § 4.03.004 (emphasis added). The Rupes do not identify the state statute allegedly requiring an exemption for homeowners working on their own home. This argument fails.

The Rupes also assert without further support or explanation that § 4.03.004 is unconstitutionally vague. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "In the civil context, [that means that] the statute must be so vague and indefinite as to really be no rule at all." *Groome Res., Ltd. v. Parish of Jefferson*, 234 F.3d 192,

---

[1] The Rupes do not challenge the dismissal of their claims under the Eighth, Ninth, and Tenth Amendments, or of their state law claims for elder abuse, fraud, blackmail, and extortion. *See* **Blue Br. at 19–24.** Issues not adequately briefed on appeal are forfeited. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

217 (5th Cir. 2000) (citation modified). Here, § 4.03.004 states that the City's electrical regulations apply to all electrical wiring, including additions and alterations to new or existing wiring. Jacksboro, Tex., Code § 4.03.004. Because this sufficiently defines the applicability of the ordinances, the Rupes' vagueness argument also fails.

## B

The Rupes next argue that the district court erred because § 4.03.012, the City's electrical permitting ordinance, permits an exception for "a homeowner working on their own home," especially in cases of emergency. They argue that this exemption is "allowed both in the municipal ordinances and Texas State Statutes but was just overlooked" by the district court.

The Rupes do not identify the ordinances or Texas statutes that allegedly exempt "a home-owner working on [his] home." In their amended complaint, the Rupes point to § 1305.003(a)(6) of the Texas Occupations Code. Section 1305.003(a)(6) states that electrical regulations do not apply to "work *not specifically regulated by a municipal ordinance* that is performed in or on a dwelling by a person who owns and resides in the dwelling." Tex. Occ. Code Ann. § 1305.003 (emphasis added). This licensing exemption, however, does not apply in this case because electrical work in Jacksboro is regulated by municipal ordinance.

## C

In their third point, the Rupes argue that the district court "erred in its judgment that Rupes' actions . . . [were] illegal." According to the Rupes, they "had a right under quod est necessarium est licitum . . . to protect themselves from the [defendants'] lack of an emergency response."

The district court did not, as the Rupes assert, determine that the Rupes' actions were "illegal." It assessed the legal sufficiency of their

complaint's factual and legal allegations against the defendants. *See* FED. R. CIV. P. 12(b)(6). This inquiry did not consider the legality of Mr. Rupe's actions in cutting and repairing the power line, nor his reasons for doing so. The Rupes' argument on this point also fails.

## D

The Rupes also argue that the City has no ordinance "requiring Mr. Rupe to contract a licensed electrician to obtain a permit and examine his work." In dismissing their claims, they assert, the district court all but "allow[ed]" Smith to "make up his own municipal ordinance."

Section 4.03.012 states that "[a] person may not perform electrical work within the city unless the person holds the appropriate license." Jacksboro, Tex., Code § 4.03.012. To obtain the required building permit, "a person must [also] hold a state master electrical license." Jacksboro, Tex., Code § 4.03.012.

The Rupes are correct that no ordinance explicitly required Mr. Rupe to contract a licensed electrician to obtain a permit and examine his work. But nothing in the ordinances indicates there is an applicable exemption from the requirement that all electrical work must be performed by a master licensed electrician; there is also no indication that an exemption exists for the permitting requirement. Because Mr. Rupe repaired the power line without the appropriate license, a master licensed electrician was required to obtain a building permit, inspect his repairs, and verify that they were safe and appropriate. *See* § 4.03.012. Smith did not "make up his own" ordinance; he applied the City ordinances as written.

## E

The Rupes next argue that the district court erred because the City's contract forced Oncor to perform "illegal and immoral acts," namely

6

"unnecessarily disconnecting power for people over 65." Nothing in the Rupes' pleadings or briefs supports their argument that the City, Smith, or Oncor acted illegally, rendering the contract between the City and Oncor void. Oncor did not disconnect the Rupes' electricity "unnecessarily." Oncor simply required that the Rupes adhere to the City's inspection and permitting requirements before it resumed service. Without more, the Rupes' dissatisfaction with the consequences of the City's inspection and permitting scheme cannot void the services contract between the City and Oncor.

F

Finally, the Rupes appear to argue that their claims against Smith should proceed because he was deliberately indifferent in "failing to provide any sort of emergency assistance when asked."[2]

Smith has asserted the defense of qualified immunity in response to the Rupes' claims. This affirmative defense balances two important interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Once the defense of qualified immunity has been raised, the plaintiff has the burden of demonstrating that (1) the official violated a statutory or constitutional right, and (2) the right was 'clearly

---

[2] Our review of this issue would ordinarily be for plain error because the Rupes did not object to the magistrate judge's report and recommendation on this issue despite a notice of consequences for failing to object. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). However, when "the district court undertakes an independent review of the record, our review is *de novo*, despite any lack of objection." *Id.* "This exception to the usual plain-error standard is especially relevant in the context of *pro se* cases." *Id.* (quoting *Fogarty v. USA Truck, Inc.*, 242 F. App'x. 152, 154 (5th Cir. 2007)).

established' at the time." *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)).

Here, the Rupes' pleadings fail the first prong of this analysis—their allegations do not amount to a violation of a statutory or constitutional right. As for the second prong, Smith is entitled to qualified immunity unless the Rupes can identify binding case law that "placed the statutory or constitutional question beyond debate," so that "every reasonable official would have understood that what he is doing violates that right." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (citation modified). Because the Rupes' pleadings failed to identify cases establishing that it was unconstitutional for Smith to enforce the City's inspection and permitting requirements under the circumstances, the district court's grant of qualified immunity was appropriate.

## IV

The district court's judgment is AFFIRMED.