# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2025

Lyle W. Cayce
Clerk

No. 25-20057

————————

LaToya Monroe, *Individually, on behalf of* ZS,

*Plaintiff—Appellant*,

*versus*

Aldine Independent School District; Superintendent Latonya Goffney,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-139

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Latoya Monroe, on behalf of her minor child ZS, appeals the dismissal of ZS's sexual assault claim under Title IX of the Education Amendments of 1972. ZS argues that Aldine Independent School District knew that ZS faced a risk of sexual assault but responded with deliberate indifference. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20057

district court dismissed ZS's claim for failing to show that the School District had actual knowledge of any sexual misconduct targeting ZS. We AFFIRM.

## BACKGROUND

The plaintiff, ZS, is a child who attended school in Aldine Independent School District ("the School District") during the 2022-2023 school year. ZS alleges that, from "September through October 2022, ZS was subjected to repeated sexual abuse by older student(s) while riding the school bus." Then, in November 2022, the School District received a report of an incident of "inappropriate touching involving ZS." The report explains that it was ZS who was misbehaving and sexually assaulting other students.[1] Finally, in February 2023, the District discovered video footage of an older student sexually assaulting ZS. Upon learning of the sexual assault, the School District immediately notified Monroe and its police department. It also promptly began an investigation. ZS does not argue in his pleadings that he suffered further harm after the investigation began.

Based on these allegations, Latoya Monroe, acting on behalf of ZS, sued the School District under Title IX in December 2023.[2] After permitting plaintiff to amend the complaint twice, the district court dismissed ZS's claims with prejudice in January of 2025, finding that ZS had failed to adequately plead that the School District had actual knowledge of any sexual

_____

[1] The School District properly attached the School Bus Conduct Report to its motion to dismiss because the report was "referred to in the plaintiff's complaint" and was "central to his claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). ZS did not object to the attachment.

[2] The lawsuit initially named additional defendants and included other claims. After two rounds of amendments to the complaint, plaintiff dropped all claims except the Title IX claim against the School District.

conduct prior to February 2023. ZS timely appealed the district court's judgment.

## STANDARD OF REVIEW

This court reviews a district court's dismissal under Rule 12(b)(6) *de novo*, accepting "all well-pleaded facts as true" and "viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Pleadings do not contain sufficient factual matter if they include only "labels and conclusions" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

## DISCUSSION

For a school district to be liable under Title IX, a school official who has authority to take corrective action must have actual knowledge of either a sexual assault or a substantial threat of sexual misconduct. *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011). For an official to have actual knowledge, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 658 (5th Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994)). As ZS concedes in his brief, it is insufficient for a plaintiff to show that a school official merely should have known of a risk of sexual misconduct. *See M.E. v. Alvin Indep. Sch. Dist.*, 840 F. App'x 773, 775 (5th Cir. 2020)*; see also J.T. v. Uplift Educ.*, 679 F. Supp. 3d 540, 550 (N.D. Tex. 2023), aff'd, No. 23-10773, 2024 WL

5118486 (5th Cir. Dec. 16, 2024). If a school official has actual knowledge of a sexual assault or a risk of sexual assault, Title IX imposes liability if the official responds with deliberate indifference. *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 359 (5th Cir. 2020). Showing deliberate indifference requires plaintiffs to meet a high bar. *Id.* A school acts with deliberate indifference only if they respond to a known risk in a way that is "clearly unreasonable in light of the known circumstances." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 648 (1999).

The second amended complaint lists three incidents of sexual misconduct. None of the three incidents support a Title IX claim.

The first set of incidents allegedly occurred between September 2022 and October 2022. ZS does not argue that the School District ever received notice of these sexual assaults. The only report about ZS that the school received during this period was from one of ZS's bus drivers, who noted that ZS refused to remain in his seat while the bus was in motion. Nothing in the report relates to sexual misconduct. Attempting to link the report to sexual misconduct, ZS contends that his refusal to remain seated should have prompted the school to review video footage of the bus ride. During that review, ZS argues, a school official might have discovered sexual misconduct. But possible knowledge does not equal actual knowledge. Because Title IX requires actual knowledge, ZS has not stated a claim based on this set of incidents.

The second incident involved sexual misconduct by ZS in November 2022. As the report of the incident makes clear, ZS was the perpetrator, not the victim, of the sexual assault. Nothing in the report indicates that ZS had been the victim of previous sexual assaults. Nevertheless, ZS argues that a young child sexually assaulting his classmates is an indicator that the child has been a victim of sexual assault. The complaint remarks that ZS's

misbehavior was a "warning sign," which should have prompted the School District to investigate. At most, these arguments amount to an assertion that the School District *should have known* that ZS was a target of sexual assault. But this court's opinions in *Rosa H.* and *Alvin* held that, for purposes of Title IX, "should have known" is not enough. 106 F.3d at 659; 840 F. App'x at 775. Only a school official's actual inference that an individual faced a substantial risk of sexual assault suffices to show actual knowledge. Because ZS's complaint fails to allege that the School District actually inferred that ZS had been sexually assaulted, the complaint does not make out a claim under Title IX.

Once the school discovered video footage of a student sexually assaulting ZS on February 1, 2025, it had actual knowledge that ZS was the victim of sexual assault. ZS does not appear to argue, either in the complaint or his brief, that the School District's response to the February 1 incident exhibited deliberate indifference.[3] Thus, ZS has not stated a claim under Title IX based on the February 1 sexual assault.

ZS has not shown that the School District had actual knowledge of any misconduct in 2022. In 2023, the School District had actual knowledge of the February assault, but ZS has not shown that the District responded with deliberate indifference. For these reasons, the judgment of the district court is AFFIRMED.

---

[3] While the complaint alleges several ways in which the school district's response to the November 2022 incident demonstrated deliberate indifference, it does not discuss the School District's February response at all.